under section 25 of the General Corporation Law is to confirm an election or order a new election, as justice may require. (*Matter of Faehndrich,* 2 N Y 2d 468, 474–475.) The relief granted herein goes far beyond that restricted power. Moreover, since concededly the two surviving directors continued to hold over, they were empowered to act in the conduct of the affairs of the corporation, even if the one director, who succeeded a deceased director, did not continue in office after the end of the one-year term. Hence, officers elected by the two directors effectively received a majority vote of the unquestionably qualified number of the board of directors, and the court was without power to order them removed without cause. Finally, the ordering of a new election was an obvious futility. There was no proof or claim that a new election would produce any different result, where, as it appears here, the contending parties each own 50% of the stock of the corporation. A new election could not possibly eliminate the impasse. Perhaps, the only solution for the objecting stockholder is the remedy granted under section 103 of the General Corporation Law which provides for a dissolution in the event of a deadlock. Although there are some members of this court who are of the opinion that the director elected to fill the vacancy continued to hold office until his successor had been duly elected, as did those directors elected for a full term, it is unnecessary to decide that question in view of our disposition of the proceeding on the other grounds hereinabove stated. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS LEVINE, Appellant.— Judgments of the Court of Special Sessions convicting defendant of the crimes of book-making in violation of section 986 of the Penal Law, and sentencing defendant to a term of one year in the New York City Penitentiary on each conviction, the sentences to run consecutively, are unanimously modified, on the facts, by striking therefrom the provision that the terms are to run consecutively, and by adding thereto a provision to the effect that the terms imposed shall run concurrently; and as so modified the judgments are unanimously affirmed. In the light of the relevant facts and circumstances, the imposition of consecutive, rather than concurrent terms of imprisonment for the two crimes, constitutes excessive punishment. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ (A) EVEREADYELECTRIC CO., INC., v. CITY OF NEW YORK. (B) CELIA A. SHERMAN v. UNDERWRITERS FOR LLOYD'S LONDON et al.— Application denied, with $10 costs. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.

■ SAMUEL SALGANIK v. U. S. NAVIGATION CO., INC.— Application denied, with $10 costs. The stay contained in the order to show cause, dated November 10, 1960, is vacated. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.

■ MICHAEL P. GRACE, II v. REAL PROPERTY OWNERS, INC.— Motion for leave to appeal to the Court of Appeals denied. Concur — Breitel, J. P., Rabin, McNally and Eager, JJ.

■ ANITA K. LA PIDUS v. HENRY LA PIDUS.— Motion for leave to reargue denied, with $10 costs. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.

■ In the Matter of the Estate of ELIZABETH SZABO, Deceased. WOLFGANG S. SZABO, Appellant. HONEY WIESEL, as Executrix of ELIZABETH SZABO, Deceased, et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Botein, P. J., Rabin, Valente, McNally and Eager, JJ.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK v. HARRISON TARVER. (B) THE PEOPLE OF THE STATE OF NEW YORK v. JAMES CARRAWAY. (C) THE

PEOPLE OF THE STATE OF NEW YORK v. JAMES DAVIS.— Motion for leave to appeal as a poor person granted to the extent and on the terms and conditions contained in the order of this court. Anthony F. Marra, Esq., of 100 Centre Street, New York, New York, is assigned as counsel for the appellant for the purposes of the appeal. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.

THE PEOPLE OF THE STATE OF NEW YORK v. JAMES BRENNAN.— Motion for leave to appeal as a poor person granted to the extent and on the terms and conditions contained in the order of this court. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

JEAN I. RABINOWITZ v. MAURICE S. INDURSKY.— Motion for leave to reargue and for resettlement denied, with $10 costs. Concur — Breitel, J. P., Rabin, Stevens and Eager, JJ.

MARIA HERNANDEZ, an Infant, by Her Guardian ad Litem, ANGEL HERNANDEZ, et al. v. MT. SINAI HOSPITAL.— Motion for leave to dispense with printing denied, with $10 costs, without prejudice to a renewal thereof upon proper papers. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

ROSARY CUZZACRE, Assignee of ORRY H. FRUTKIN v. BENCO TOGS, INC.— Motion to dismiss appeal granted, with $10 costs. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

(A) THE PEOPLE OF THE STATE OF NEW YORK v. FRANK CIAPPETTA. (B) THE PEOPLE OF THE STATE OF NEW YORK v. FRANK D. JONES.—Motion for leave to reargue granted and upon reargument motion for leave to appeal as a poor person granted to the extent and on the terms and conditions contained in the order of this court. Anthony F. Marra, Esq., of 100 Centre Street, New York, New York, is assigned as counsel for the appellant for the purposes of the appeal. Concur — Botein, P. J., Breitel, Stevens and Eager, JJ. (C) THE PEOPLE OF THE STATE OF NEW YORK v. RALPH STAIGER. [Same decision.] (D) THE PEOPLE OF THE STATE OF NEW YORK v. JAMES CARRAWAY. [Same decision.] Concur — Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ. (E) THE PEOPLE OF THE STATE OF NEW YORK v. MICHAEL MERCADO. [Same decision.] Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ. (F) THE PEOPLE OF THE STATE OF NEW YORK v. FRANK BRIGANTI. [Same decision.] Concur — Botein, P. J., Rabin, Stevens and Eager, JJ.

THE PEOPLE OF THE STATE OF NEW YORK v. EUGENE SCOTT.— Motion for leave to reargue granted and upon reargument motion for leave to appeal as a poor person granted to the extent and on the terms and conditions contained in the order of this court. Anthony F. Marra, Esq., of 100 Centre Street, New York, New York, is assigned as counsel for the appellant for the purposes of the appeal. The order of this court entered on October 29, 1959, dismissing said appeal is vacated. Concur — Botein, P. J., Rabin, Stevens and Eager, JJ.

(A) THE PEOPLE OF THE STATE OF NEW YORK v. LOUIS ALVAREZ. (B) THE PEOPLE OF THE STATE OF NEW YORK v. LEONARD ROSENFELD, PHILIP J. BUCKLES and JAMES KELLY. (C) THE PEOPLE OF THE STATE OF NEW YORK v. MYER STEIN.— Enlargement of time granted. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

(A) NED R. McDAVID et al. v. MURRAY SARGENT, JR., et al.— Motion for leave to reargue or for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Botein, P. J., McNally, Stevens, Eager and Bastow, JJ. (B) In the Matter of the Arbitration between ALBERT RONCEY and ROBERT